UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID MCCARREN (2021-005791),

MAURICE ALLEN-JULIUS STEWART (2019-015051),

LEVERTIS RILEY, IV (2021-005178), and

WALTER GALLOWAY (2019-005154 / 462774),

      Plaintiffs,

v.

RAPHAEL WASHINGTON,
ROBERT DUNLAP,
ANTHONY BOYER,
PAMELA DONOHO-ROSE,
KARMEN RAMIREZ,
KENNETH TOTH,
TONIA WILLIAMS,
CIERRA CRAWFORD, and
PRYOR,

      Defendants.
_____/

Case No. 2:23-cv-13129
District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO SEVER
MISJOINED PLAINTIFFS (ECF No. 25)</u>**

**I.    OPINION**

    **A.    Background**

In December 2023, four Wayne County Jail pre-trial detainees (Michael

1

David McCarren, Maurice Allen Stewart, Levertis Riley, IV, and Walter Leo Galloway) filed this matter *in pro per* against nine Wayne County Jail Defendants (Raphael Washington, Robert Dunlap, Anthony Boyer, Pamela Donoho-Rose, Karmen Ramirez, Kenneth Toth, Tonia Williams, Cierra Crawford, and "Pryor"). (ECF No. 1; *see also* ECF No. 27.)

Plaintiffs' factual allegations stem from the onset of the Covid-19 pandemic in 2020 and concern lack of in-person visitation, outside and inside recreation, fresh-air (ECF No. 1, ¶¶ 17-31), proper dental care (*id*., ¶ 34), phone slots (*id*., ¶ 35), and priority mail for indigent inmates (*id*., ¶ 36), as well as stockpiling mail (*id*., ¶ 32), storing notarized documents (*id*., ¶ 33), and not providing "certified trust account statements" (*id*., ¶ 37). With some word variation, each of the four Plaintiffs declares that, during his confinement in the Wayne County Jail (WCJ) Division II – *i.e.*, the old jail located at 525 or 570 Clinton Street, Detroit, MI 48226 – he has been:

> . . . denied my First, Eighth, Sixth and Fourteenth Amendment rights to recreation, or a breath of fresh-air, right to familia[l]/intimate associations, right to receive / send, regular-legal mail, right to access the courts and the Amendments jurisprudence that protects pretrial detainees against the deliberate indifference to my serious medical needs by my jailors.

(ECF No. 1, PageID.14-17 ¶ 2.)  (*See also id*., PageID.11-12 ¶¶ 1-5.)[1]  Plaintiffs

---

[1] On September 3, 2024, Wayne County opened a modernized jail in its brand new Criminal Justice Center, which is located at 5301 Russell Street, Detroit, MI

2

also seem to allege that they were denied their First Amendment right "to petition the Government for a redress of grievances[,]" U.S. Const. amend. I, when Defendants denied their request for "grievances" to present to the Court (*id.*, PageID.12 ¶ 5), presumably in Case No. 4:23-cv-12324-FKB-APP (E.D. Mich.).²

### B.     Prior Rulings

Along with their complaint, Plaintiffs filed an application to proceed without prepaying fees or costs (ECF No. 2), as well as several motions (ECF Nos. 3-9). The Court has addressed each one of these filings. (*See* ECF Nos. 11, 12, 13.)

Of particular note to the matter currently before the Court is Judge Steeh's

---

48211.  *See* https://engage.waynecountymi.gov/criminal-justice-center/news_feed/wayne-county-officials-announce-opening-of-newly-constructed-criminal-justice-center; https://legalnews.com/Home/Articles?DataId=1547409; https://www.detroitnews.com/story/news/local/wayne-county/2024/09/03/wayne-county-criminal-justice-center-open-jail/75001687007/.  Although not analyzed here, the allegations in this lawsuit against the jail conditions and programming could conceivably be mooted – in whole or in part – based on the transfer of inmates to the new facility.

² These same four Plaintiffs, along with various other plaintiffs, are parties in two other cases:  (a) a lawsuit against Defendants associated with the Wayne County Prosecutor, the Third Circuit Court, and the Michigan Supreme Court, wherein the Court has entered an order of dismissal without prejudice and judgment but in which there is a pending motion for reconsideration (*see* Case No. 2:23-cv-12135-MAG-EAS (E.D. Mich.) [ECF Nos. 23, 24, 27, therein]); and, (b) a lawsuit against the same nine Defendants, wherein the Court entered an opinion and order of summary dismissal, dismissing the complaint without prejudice for failure to comply with the PLRA's filing requirements (*see* Case No. 4:23-cv-12324-FKB-APP (E.D. Mich.) [ECF No. 14, therein]).

February 13, 2024 opinion and order, which, *inter alia*, denied the motion for preliminary injunction (ECF No. 4) and denied the motion for a temporary restraining order (ECF No. 8), determining that "Plaintiffs ha[d] not established that they [we]re entitled to a preliminary injunction or a temporary restraining order at th[at] stage of the case." (ECF No. 12, PageID.167.)

### C. Pending Motions

This case has been referred to me for pretrial matters. (ECF Nos. 14, 15.) Currently pending before the Court are: (1) Defendants' June 7, 2024 motion to sever misjoined Plaintiffs (ECF No. 25), regarding which Plaintiff McCarren and Plaintiff Riley have filed a response (ECF No. 28) and Defendants have filed a reply (ECF No. 29); and, (2) Plaintiffs McCarren, Steward, Riley and Galloway's July 23, 2024 renewed emergency motion for preliminary injunction (PI) and for a temporary restraining order (TRO) (ECF No. 30).

This order addresses Defendants' motion to sever (ECF No. 25), as well as Plaintiff McCarren's July 11, 2024 motion for appointment of counsel (ECF No. 30-1, PageID.360-363), which was not separately docketed.

### D. Discussion

    **1. Defendants' June 7, 2024 motion to sever misjoined Plaintiffs (ECF No. 25)[3]**

---

[3] The Undersigned offers his opinion in the form of an order, because a motion to sever is not excepted under 28 U.S.C. § 636(b)(1)(A). *See also Miller v. New*

### a. Fed. R. Civ. P. 20 ("Permissive Joinder of Parties")

Defendants' motion to sever misjoined Plaintiffs (ECF No. 25) is filed pursuant to Fed. R. Civ. P. 20, which provides in relevant part: "Persons may join in one action as plaintiffs if: **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and **(B)** any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

As many federal district courts have found, "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder of prisoner plaintiffs otherwise allowed by Rule 20(a)(1)." *Boretsky v. Corzine*, No. CIV.A.08-2265(GEB), 2008 WL 2512916, at *5 (D.N.J. June 23, 2008) (citing cases), *aff'd sub nom. Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011). "Among the difficulties noted are the 'need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.'" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.) (citing *Boretsky*, 2008 WL 2512916, at *5). Moreover,

---

*Jersey Transit Auth. Rail Operations*, 160 F.R.D. 37, 43 (D.N.J. 1995).

> . . . allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Proctor*, 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, 2008 WL 680203, *1 (E.D. Wis. March 10, 2008)). Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id*. An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id*. (quoting *Boretsky*, supra at *5); *see also White v. Tennessee Bd. of Probation and Paroles*, No. 06-2784-B/P, 2007 WL 1309402, *1 (W.D. Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action").

*Fuller v. PCS Daily Dial Phone Co.*, No. 2:16-CV-11960, 2016 WL 3549481, at *3 (E.D. Mich. June 30, 2016) (Roberts, J.). *See also Rouse v. Michigan Parole Bd.*, No. 21-CV-12670, 2022 WL 1598622, at *3 (E.D. Mich. May 19, 2022) (Levy, J.); *Hailey v. Campbell*, No. 21-CV-10087, 2021 WL 2413271, at *1-*2 (E.D. Mich. June 14, 2021) (Friedman, J.); *Heard v. Snyder*, No. 2:16-CV-13452, 2016 WL 5808359, at *2 (E.D. Mich. Oct. 5, 2016) (Steeh, J.); *Cowans v. Dupris*, No. 15-12739, 2015 WL 6671552, at *1 (E.D. Mich. Oct. 30, 2015) (Berg, J.); *Wilson v. Wayne Cnty.*, No. 2:14-CV-14541, 2015 WL 470602, at *1 (E.D. Mich. Feb. 4, 2015) (Edmunds, J.); *Spencer v. Bynum*, No. 2:13-13056, 2013 WL 4041870, at *3 (E.D. Mich. Aug. 8, 2013) (Cox, J.); and, *Harris v. Gerth*, No. 08-CV-12374, 2008 WL 5424134, at *3 (E.D. Mich. Dec. 30, 2008) (Cleland, J.).

      **b.**    **Plaintiffs Stewart and Galloway do not oppose the motion.**

Defendants served a copy of their June 7, 2024 motion upon each Plaintiff at

6

WCJ. (ECF No. 25, PageID.193.) Although the Court's June 11, 2024 order requiring response required *Plaintiff McCarren* to "file a response to the [the motion to sever] on or before July 12, 2024[,]" and although it seems the order was only served upon McCarren at WCJ (*see* ECF No. 26, PageID.220 & text-only certificate of service), Plaintiff McCarren *and* Plaintiff Riley signed the July 12, 2024 response to the instant motion (*see* ECF No. 28, PageID.236), and the only other signatures on this filing are McCarren's, even if he "has done his due diligence to obtain two missing signatures and can't . . . [,]" (*see id.*, PageID.237-238). In other words, the response was not signed by Stewart or Galloway.

Still, the Local Rules of this Court provide that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). And – notwithstanding the fact that the Court's scheduling order was directed to Plaintiff McCarren and served upon only McCarren – in the absence of an order requiring response, a response to Defendants' June 7, 2024 motion (ECF No. 25) from the remaining Plaintiffs would have been due on or about June 21, 2024 or on or about June 28, 2024, depending on whether the standard or enlarged briefing schedule was applied. *See* E.D. Mich. LR 7.1(e) ("Briefing Schedule."). The record indicates that the motion to sever was duly and separately served on Plaintiffs Galloway and Stewart. (ECF No. 25, PageID.193.) To date, neither Stewart nor Galloway have filed a response to the motion to sever;

7

they have only signed the renewed emergency motion for PI and for a TRO (*see* ECF No. 30, PageID.272-273).  Accordingly, the Court may assume Stewart and Galloway *do not oppose* Defendants' motion to sever (ECF No. 50).  (*See also* ECF No. 29, PageID.241.)

        **c.**        **Multiple Rule 20 factors favor the movants.**

            **i.**        **Plaintiffs' locations**

The Court should grant this motion, for multiple reasons.  First, although the four plaintiffs were each at WCJ at the time they initiated their lawsuit in December 2023 (*see* ECF No. 1, ¶¶ 4-7), their locations now vary.  (*See* ECF No. 25, PageID.190, ECF No. 29, PageID.242-243.)  To the extent Plaintiffs McCarren and Riley contend Defendants' motion commits a "fraud on the Court" as to Stewart or Galloway's statuses (*see* ECF No. 28, PageID.231-233), a matter Defendants address in their reply (*see* ECF No. 29, PageID.243), the Court has examined the present state of Plaintiffs' state court criminal cases in Wayne County (*see* ECF No. 25-1) and has learned:

- Michael David McCarren is scheduled to be tried by a jury in Case No. 22-004161-FC on January 27, 2025, and is scheduled to be tried by a jury in Case No. 22-006265-01-FH on April 7, 2025.  *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3901964, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3901856 (last visited Jan. 8, 2025).

- Maurice Allen-Julius Stewart is scheduled to be tried by a jury in Case No. 20-000171-01-FC on February 25, 2025.  *See*

8

- https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3620240 (last visited Jan. 8, 2025).

- Levertis Riley, IV's jury trial in Case No. 22-001955-01-FC was in progress as of December 16, 2024, although there now appears to be a pre-trial matter scheduled for January 24, 2025. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3893725 (last visited Jan. 8, 2025).

- Walter Leo Galloway was sentenced on August 14, 2024 in Case No. 19-006329-01-FC and is now located at the Michigan Department of Corrections (MDOC) Kinross Correctional Facility (KCF). *See* www.michigan.gov/corrections, "Offender Search," (last visited Jan. 8, 2025).

Thus, as Defendants anticipated in their June 7, 2024 motion to sever, "[i]t would appear impracticable, if not impossible, to have [McCarren, Stewart, and Riley] obtain [Galloway's] consent and signature on each filing." (ECF No. 52, PageID.190.) And, Plaintiffs' locations are likely to become further varied over the course of the instant litigation, based on the outcomes of McCarren, Stewart, and Riley's state court criminal cases, *e.g.*, a not guilty verdict could result in a private address, a guilty verdict could result in assignment to any number of MDOC facilities, *etc*. Moreover, once an individual is within the MDOC's custody, transfers from one facility to another are not uncommon. Indeed, as one court has stated:

> . . . it is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action. Pursuant to Fed.R.Civ.P. 11(a), each pleading and motion must be signed by each plaintiff. *The logistical coordination required to obtain individual*

9

*signatures on any future submissions is prohibitive.*

*White v. Tennessee Bd. of Prob. & Paroles*, No. 06-2784-B/P, 2007 WL 1309402, at *1 (W.D. Tenn. May 3, 2007) (emphasis added). This point, perhaps caused by the notably "transitory" nature of jail populations, *Boretsky*, 2008 WL 2512916, at *5, is already being illustrated in the instant matter. In sum, there is a practical difficulty posed by having *pro se* incarcerated co-plaintiffs at various addresses.

### ii.     Factually distinct theories of liability

Second, Plaintiffs' complaint involves multiple "factually-distinct theories of § 1983 liability . . ." between them (ECF No. 25, PageID.190-191; *see also* ECF No. 29, PageID.242), *e.g.*, visitation, recreation, dental care, phone slots, and priority mail, as well as stockpiling mail, storing notarized documents, and not providing "certified trust account statements" (*see* ECF No. 1, ¶¶ 17-37) alleging violations of various clauses of the First and Fourteenth Amendments (*see id.*, PageID.11-12 ¶¶ 1-5). Therefore, it would *seem* those Plaintiffs with dental claims would be suing Defendant Pryor, who has been described as WCJ's dentist (*see* ECF No. 1, ¶¶ 16, 34), those Plaintiffs with claims concerning storing notarized documents would be suing Defendant Rose, who is described as the WCJ notary and service team leader, and/or Defendant Crawford, who is described as having instituted the related policy (*see id.*, ¶¶ 11, 15, 33), *etc*. It is not clear.[4]

---

[4] Although Defendants contend *in their reply brief* that "the four claims at issue in

Plaintiffs McCarren and Riley attempt to distinguish some of the case law upon which Defendants rely, pointing out that there were 120 plaintiffs in *Bell*, 2022 WL 830589, at *2, and more than eighty plaintiffs in *Rouse*, 2022 WL 1598622, at *1, while there are allegedly 1,500 pretrial detainees at WCJ. (ECF No. 28, PageID.224 ¶ 2.) Respondents also note that, in *Rouse*, the lead Plaintiff drafted the complaint and largely provided "specific factual allegations pertaining to his individual claims[,]" while "[t]he allegations with respect to the other Plaintiffs [we]re in large part more generalized[,]" *Rouse*, 2022 WL 1598622, at *5; here, respondents contend, "[n]ot once has an individualized claim been raised by any Plaintiff." (*Id*., PageID.224-225 ¶ 3.)[5] Yet, to the extent McCarren and Riley contend "[t]he issues plague every Plaintiff and all pretrial detainees immured [at

---

this case" do not "amount to per se constitutional violations." (ECF No. 29, PageID.241-242), and although the complaint (ECF No. 1) may be susceptible to dismissal under Fed. R. Civ. P. 8(a)(2) or 12(b)(6) for its multiple references to undifferentiated "Defendants" as opposed to specific Defendants (*compare* ¶¶ 17, 19-20, 24, 30-33, 35-37; *with*, ¶¶ 22, 27 & 34), the instant motion is non-dispositive, and the legal sufficiency of the pleading(s) is a question for another day.

[5] At the same time, Plaintiffs McCarren and Riley seem to invoke the Supreme Court's statement that "joinder of claims, parties and remedies is strongly encouraged[,]" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Fed. Rules Civ. P. 2, 18-20, 42), and in support of their application state that each of the Plaintiffs' "individualized claims" arises from "the same transaction, occurrence, or series of transactions or occurrences[,]" Fed. R. Civ. P. 20(a)(1)(A). (*See* ECF No. 28, PageID.226-227 ¶ 4.)

11

WCJ][,]" (*id.*, PageID.225 ¶ 3), this court has already denied the motion for class certification (*see* ECF Nos. 6, 12).

Here, Defendants convincingly argue that, "[a]lthough there may be some 'global' factual issues in common among some of the Plaintiffs," the success or failure of these claims "will turn on the facts of each's situation[.]" (ECF No. 25, PageID.190-191.) As a result, such claims would not necessarily "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences[.]" Fed. R. Civ. P. 20(a)(1)(A). Put another way, Plaintiffs will "each have to apply the facts of their own claims to the law to determine whether they can establish a constitutional violation." (ECF No. 29, PageID.242.)

### iii. Individualized exhaustion inquiries

Third, "individualized inquiries will have to occur with [respect to] each active Plaintiff to determine whether each had properly exhausted [his] administrative remedies under the PLRA prior to filing suit." (ECF No. 25, PageID.191.) *See Proctor*, 661 F. Supp. 2d at 780 (". . . the 'need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a).'") (quoting *Boretsky*, 2008 WL 2512916, at *6); *see also Bell v. Washington*, No. 21-10399, 2022 WL 830589, at *2 (E.D. Mich. Mar. 17, 2022) (Kumar, J.) (same); *McLaurin v. Bagley*, No. CV 2:17-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017)

12

(Roberts, J.) (same).[6] Here, where there are multiple theories of 42 U.S.C. § 1983 liability – *e.g.*, visitation, recreation, dental care, phone slots, and priority mail, as well as stockpiling mail, storing notarized documents, and not providing "certified trust account statements" (*see* ECF No. 1, ¶¶ 17-37) alleging violations of various clauses of the First and Fourteenth Amendments (*see id.*, PageID.11-12 ¶¶ 1-5) – each Plaintiff "would have been required to fully exhaust on each issue [as to which he was making a claim]." (ECF No. 25, PageID.191.)

Plaintiffs McCarren and Riley's response on the issue of exhaustion is unavailing. (ECF No. 28, PageID.229-230.) Going back to the pleading, Plaintiffs' generic allegation that they have all "exhausted all administrative remedies[,]" does not, by itself, mean their claims "are properly exhausted." (ECF No. 1, PageID.12.) Whether a plaintiff has exhausted his or her available administrative remedies under 42 U.S.C. § 1997e(a) is ordinarily determined on an exhaustion-based motion for summary judgment. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to

---

[6] Plaintiffs McCarren and Riley's attempt to challenge Defendants' reliance on *Bell* in the context of 28 U.S.C. § 1915(g), also known as the "three strikes rule," (*see* ECF No. 28, PageID.227-229), is misplaced. Although Defendants cite *Bell*, they do not do so for *Bell*'s concern about circumventing the filing fee requirements or the PLRA's "three strikes" provision. (*See* ECF No. 25, PageID.189-190.) Indeed, as McCarren and Riley correctly note, Chief Magistrate Judge Grand determined on February 14, 2024 that "plaintiff(s) may proceed in forma pauperis." (ECF No. 28, PageID.228-229 (citing ECF No. 13).)

13

specially plead or demonstrate exhaustion in their complaints."). If Defendants file an exhaustion-based motion for summary judgment, they will be required to submit proof that the plaintiff in question has not exhausted his available administrative remedies, such as an MDOC Prisoner Step III grievance report and any relevant grievance materials.[7]

### iv. *Pro se* Plaintiffs representing *pro se* co-plaintiffs

Finally, "this case presents a risk that one or more of the active Plaintiffs would act (or is acting) as the de facto 'representative' or 'lawyer' for the others." (ECF No. 25, PageID.191; ECF No. 29, PageID.242.) To be sure, the Court acknowledges Plaintiffs McCarren and Riley's assertions that: (a) "a single plaintiff may file a document . . . [,]" which they support with citations to Fed. R. Civ. P. 5(a)

---

[7] Within their exhaustion argument, Plaintiffs McCarren and Riley mention the December 7, 2023 "motion to order Defendants to provide all true & accurate copies of account statements, grievances & responses to prove exhaustion / pauper status," which is signed only by Plaintiff McCarren (*see* ECF No. 9), and contend that Defendants "did not follow Court Orders[,]" (ECF No. 28, PageID.229-230), which is perhaps a reference to Judge Steeh's December 15, 2023 order directing the WCJ to submit copies of the Plaintiffs' certified trust account statements to the Court and to Plaintiffs (*see* ECF No. 11). To the extent Plaintiffs McCarren and Riley suggest that Defendants' failure to comply with Judge Steeh's order in this matter is emblematic of their prior lawsuit – wherein Judge Behm entered a November 2, 2023 opinion and order of summary dismissal (*see* Case No. 4:23-cv-12324-FKB-APP (E.D. Mich.) [ECF No. 14, therein]) – the instant lawsuit has not been summarily dismissed. (*See* ECF Nos. 13, 16-24, 27.) Thus, even if Defendant has yet to comply with Judge Steeh's order in the instant lawsuit, the Court would not, at this juncture, view it as "an attempt to do the same prejudicing" this "second suit[,]" (ECF No. 28, PageID.227-228).

14

and *Hailey*, 2021 WL 2413271, at *1-*2; and, (b) Plaintiffs released or transferred to the MDOC have "been able to stay in touch and communicate with one another." (ECF No. 28, PageID.230-231.) Nonetheless, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). *See also Harris v. Hutson*, No. 21-6251, 2022 WL 18207371, at *2 (6th Cir. Nov. 9, 2022); *Sykes v. United States*, 507 F. App'x 455, 459 (6th Cir. 2012). Thus, even if Plaintiffs McCarren and Riley declare under 28 U.S.C. § 1746 that "any and all future documents filed by any single Plaintiff has/will be served in accordance with [Fed. R. Civ. P. 5(a)] . . . [,]" they are mistaken in their belief that all can be made well simply by submitting documents on behalf of their fellow Plaintiffs "with their consent." (*See* ECF No. 28, PageID.231, 233-234.) That is not permitted and runs afoul of the prohibition against *pro se* individuals representing the interests of others, *see Matter of Bright*, 171 B.R. 799, 802 (Bankr. E.D. Mich. 1994), and is, in essence, practicing law without a license.

### 2. Plaintiff McCarren's July 11, 2024 motion for appointment of counsel (ECF No. 30-1, PageID.360-363

At the tail end of this renewed emergency motion for PI and TRO, there is a 4-page motion for appointment of counsel, which cites Judge Levy's "ORDER FOR APPOINTMENT OF COUNSEL" in *Parker v. Michigan*, No. 24-10079, 2024 WL 580863 (E.D. Mich. Feb. 13, 2024) and which is only signed by McCarren, without date, although there is another certificate of service dated July 11, 2024. (*See* ECF No. 30-1, PageID.360-363, 364.) If McCarren intended for these pages to be a separate filing, he is cautioned to make future such efforts clear to the Clerk of the Court when submitted, so that Plaintiff's desired filings are placed clearly on the docket. *See*, *e.g.*, Electronic Filing Policies and Procedures E.D. Mich. R5(f) ("Motions must not be combined with any other stand-alone document.").

For the time being, McCarren's July 11, 2024 motion for appointment of counsel (ECF No. 30-1, PageID.360-363) is **DENIED WITHOUT PREJUDICE** for the various reasons stated in this Court's February 13, 2024 order (ECF No. 12, PageID.168-169) denying the four Plaintiffs' earlier motion for the appointment of counsel (ECF No. 7); although the Court's previous denial was "without prejudice to the plaintiffs renewing the motion after service has been directed on the defendants[,]" (*id.*, PageID.169), and although Defendants have now appeared (ECF Nos. 16-24, 27), it is still the case that there is "no constitutional right to appointed counsel in a civil case[,]" *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489,

16

492 (6th Cir. 1995) (citing *Wolfolk v. Rivera*, 729 F.2d 1114, 1119–20 (7th Cir. 1984), and "'[p]risoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion[,]'" *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (quoting Charles R. Richey, *Prisoner Litigation in the United States Courts* (1995), p. 75). Having now granted Defendants' motion to sever (ECF No. 25), the Court must proceed with the administrative tasks of severing the cases and addressing any related effect upon the filing fee(s). Plaintiff McCarren may petition the Court for the recruitment of *pro bono* counsel once the others are separated from his case and keeping in mind that "[t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citing *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir.1993)).

## II.    ORDER

Defendants ask the Court to "sever the claims asserted by Plaintiffs into separate cases with their own case numbers." (ECF No. 25, PageID.192.) For the reasons set forth above, the Court should **GRANT** Defendants' motion to sever misjoined Plaintiffs (ECF No. 25) and **DENY WITHOUT PREJUDICE** Plaintiff McCarren's July 11, 2024 motion for appointment of counsel (ECF No. 30-1, PageID.360-363).

17

**IT IS SO ORDERED.**[8]

Dated: January 8, 2025

Anthony P. Patti
United States Magistrate Judge

---

[8] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).