UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE ALLEN-JULIUS
STEWART,

       Plaintiff,

v.

RAPHAEL WASHINGTON, *et al.*,

       Defendants.

_____/

Case No. 2:25-cv-10116

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS LAWSUIT WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER (ECF No. 36) and/or PURSUANT TO FED. R. CIV. P. 41(b) AND E.D. MICH. LR 41.2 FOR FAILURE TO PROSECUTE**

**I.    RECOMMENDATION**: The Court should **DISMISS** this lawsuit **WITH PREJUDICE** for failure to comply with the Court's order (ECF No. 36) and/or pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 for failure to prosecute.

**II.    REPORT**

    **A.    Case No. 2:23-cv-13129-BRM-APP was filed by four Plaintiffs (McCarren, Stewart, Riley & Galloway).**

On December 7, 2023, Michael David McCarren (WCJ 2021-005791), Maurice Allen-Julius Stewart (WCJ 2019-015051), Levertis Riley (WCJ 2021-00005178), and Walter Galloway (WCJ 2019-005154) initiated a single lawsuit against Wayne County Sheriff Raphael Washington and eight others associated

1

with the Wayne County Jail (WCJ).  (ECF No. 1, ¶¶ 4-16.)  At the time they signed the complaint, McCarren, Stewart, and Riley were located at 525 Clinton Street, Detroit, Michigan 48226 (WCJ Division 2) and Galloway was located at 570 Clinton Street, Detroit, Michigan 48226 (WCJ Division 1).  (*Id*., PageID.13-17.)

On or about September 3, 2024, the Wayne County Criminal Justice Center (CJC) – located at 5301 Russell Street, Detroit, Michigan 48211 – opened to the public.[1]  The CJC houses, *inter alia*, the Wayne County Adult Detention Facility (WCADF).  At this time, Stewart is located at the WCADF, where he awaits upcoming August 2025 pre-trial and jury trial court dates in state court Case No. 20-000171-01-FC.  *See* https://www.sheriffconnect.com/dashboard/inmate-search/ (last visited June 3, 2025) and https://cmspublic.3rdcc.org/ (last visited June 3, 2025).

### B. Three Plaintiffs (Stewart, Riley & Galloway) have been assigned new case numbers (25-10116, 25-10117 & 25-10118).

Judge McMillion has referred this case to me for full pretrial matters.  (ECF No. 15.)  On January 8, 2025, I entered an opinion and order granting Defendants' motion to sever misjoined plaintiffs (ECF No. 25).  (ECF No. 33.)  As a result of that order, Stewart, Galloway, and Riley were terminated as Plaintiffs in the

---

[1] *See* https://www.detroitnews.com/story/news/local/wayne-county/2024/09/03/wayne-county-criminal-justice-center-open-jail/75001687007/ (last visited June 4, 2025).

original case (*see* Case No. 2:23-cv-13129-BRM-APP), Stewart was assigned Case No. 2:25-cv-10116-BRM-APP, Riley was assigned Case No. 2:25-cv-10117-BRM-APP, and Galloway was assigned Case No. 2:25-cv-10118-BRM-APP.  (*See* ECF No. 35.)

    **C.**    **The Court's April 4, 2025 order (ECF No. 36) required certain information.**

On April 4, 2025, the Court entered an order requiring that, no later than **May 3, 2025**, Plaintiff Stewart:  **(1)** make clear his current contact information, *see* E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address"); **(2)** inform the Court, in writing, as to whether he intends to continue prosecuting this case; **and**, if the answer is "yes," **(3)** file an amended complaint in Case No. 2:25-cv-10116-BRM-APP (E.D. Mich.), limited to *his* specific claims and making clear not only which individuals or entities *he* is suing but also which claims *he* is making (*e.g.*, citing the particular statutes or constitutional provisions) against each specified Defendant.  (ECF No. 36, PageID.401.)

The order also provided some guidance for drafting an amended complaint, *e.g.*, directing Plaintiff Stewart's attention to various rules and this district's form *Complaint for a Civil Case*.  The Court then invited Plaintiff Stewart to clarify his intentions, including the option to dismiss voluntarily: "If [he] does not intend to continue prosecution of this case, then he should so inform the Court, and the Court will enter an order dismissing the lawsuit without prejudice."  (ECF No. 36,

3

PageID.401 (emphasis in original).)  But this plaintiff was also "**WARNED** that a failure to comply with this order may result in a report and recommendation that the Court dismiss his particular lawsuit with prejudice." (*Id*. (emphases in original).)

To date, Plaintiff Stewart has not provided the requested information.

### D.     It is appropriate to consider an order of involuntary dismissal.

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962)).  "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (affirming district court's *sua sponte* dismissal pursuant to Rule 41(b)).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at

4

629-30; *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link*, 370 U.S. at 629-32); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have power under [Fed. R. Civ. P. 41(b) ] to enter a *sua sponte* order of dismissal.").

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted).  Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id*. (quoting *Knoll*, 176 F.3d at 363).

### E.     Discussion

The record demonstrates that involuntary dismissal is appropriate here, based on three particular considerations.

5

> 1. **Whether Plaintiff Stewart's failure is due to willfulness, bad faith, or fault?**

The Court made two attempts to serve a copy of its April 4, 2025 order (ECF No. 36) upon Plaintiff Stewart. First, on the date the order was issued, the Clerk served a copy of the order upon Plaintiff Stewart via mail to WAYNE COUNTY JAIL - DIVISION 1, 570 CLINTON STREET, DETROIT, MI 48226. Second, on April 15, 2025, the Clerk served a copy of the order upon Plaintiff Stewart via mail to the WCADF (5301 Russell St., Detroit, MI 48211).

The Court assumes that Plaintiff Stewart has received one or both of these mailings, as any error in the first attempt mailed to WCJ Division 1 (*e.g.*, was Plaintiff Stewart was then-located at WCJ, either in Division 1 or Division 2) may have been forwarded to him. Moreover, considering WCADF opened to the public in September 2024, and considering WCADF appears to be his current location, the second attempt mailed to WCADF should have sufficed. Additionally, there is no indication on the docket that either has been returned as undeliverable.

Notwithstanding the presumed receipt by Plaintiff Stewart of one or both of the two April 2025 attempts at service, Plaintiff Stewart has not filed a response to the Court's April 4, 2025 order. In other words, he has neither made clear his current contact information nor informed the Court, in writing, as to whether he intends to continue prosecuting this case. (*See* ECF No. 36, PageID.401.) As

such, he has not complied with this Court's April 4, 2025 order (ECF No. 36), and this non-compliance seems to be willful.

### 2. Whether the dismissed party was warned that failure to cooperate could lead to dismissal?

The answer to this question is a clear, "yes." The Court's April 4, 2025 order expressly states: "Plaintiff Stewart is **HEREBY WARNED** that a failure to comply with this order may result in a report and recommendation that the Court dismiss his particular lawsuit with prejudice." (*Id*. (emphases in original).)

### 3. Whether dismissal is appropriate to achieve the orderly and expeditious disposition of this case?

Beyond the failure to comply with the Court's April 4, 2025 order, Plaintiff Stewart seems to have discontinued prosecuting this case. Stewart's signature appears on the original complaint filed on December 7, 2023 (*see* ECF No. 1, PageID.13) and several other items filed the same day (*see* ECF No. 2, PageID.50; ECF No. 3, PageID.85; ECF No. 4, PageID.103; ECF No. 5, PageID.141; ECF No. 6, PageID.146; ECF No. 7, PageID.148; and, ECF No. 8, PageID.153). Yet, Stewart's most recent signature – as best the Court can tell – appears on the July 11, 2024 certificate of service for the July 23, 2024 renewed emergency motion for a preliminary injunction and for a temporary restraining order (*see* ECF No. 30, PageID.273).

Thus, it has been nearly a year since Plaintiff Stewart has signed and submitted anything for filing in this case. Even if the Court takes some of the responsibility for this period of time between Stewart's July 11, 2024 submission and today's date (*i.e.*, June 4, 2025) – such as the approximate 6-month period between Stewart's submission and the Undersigned's January 8, 2025 order granting the motion to sever (*see* ECF No. 33) – it has still been over 5 months since the Court announced that Plaintiff Stewart would be proceeding separately from his former co-Plaintiffs. Absent an indication that any mail to Stewart was returned as undeliverable,[2] this period of inaction – whether 11 or 5 months in length – suggests that Plaintiff has discontinued prosecuting this case.

### F.  Conclusion

For the above-detailed reasons, the Court should **DISMISS** this lawsuit **WITH PREJUDICE** for failure to comply with the Court's order (ECF No. 36) and/or pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 for failure to prosecute.

---

[2] The docket in Stewart's case indicates that a copy of the Court's September 9, 2024 text-only order mailed to *Galloway* at WCJ – Division 1 was returned to this Court as undeliverable (*see* ECF No. 32); moreover, as reflected in the pre-severance lawsuit, mail sent to *McCarren* was returned as undeliverable (*see* ECF Nos. 37, 41) and *more mail sent to Galloway* was returned as undeliverable (*see* ECF Nos. 39, 40).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  June 10, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE